```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
SHAWN J. WEBB,

                Plaintiff,
                                            MEMORANDUM AND ORDER
      -against-                             17-CV-02670(JS)(SIL)

HON. JUDGE ANGELO A. DELLIGATTI,
HON. MADELINE SINGAS, ESQ., LISA
BERK, ESQ., and CORNELL BOUSE, ESQ.,

                Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:      Shawn J. Webb, pro se
                    4 Woodland Townhouse Road
                    Apt. F-45
                    Loch Sheldrake, NY 12759

For Defendants:     No appearances.
```

SEYBERT, District Judge:

On April 28, 2017, incarcerated pro se plaintiff Shawn J. Webb ("Plaintiff") filed a Complaint in this Court pursuant to 42 U.S.C. § 1983 ("Section 1983") against the Honorable Angelo A. Delligatti ("Judge Delligatti"), Nassau County District Attorney Madeline Singas ("DA Singas"), Lisa Berk, Esq. ("A.D.A. Berk") and Cornell Bouse, Esq. ("Bouse" and together, "Defendants"), accompanied by an application to proceed in forma pauperis.[1]

Upon review of the declaration in support of the application to proceed in forma pauperis, the Court finds that

---

[1] On May 15, 2017, mail sent on May 3, 2017 from the Court to Plaintiff at his address of record was returned. (See Docket Entry 7.) On July 24, 2017, Plaintiff filed a change of address with the Court (see Docket Entry 8) and the Docket has been updated to reflect his current address of record.

Plaintiff is qualified to commence this action without prepayment of the filing fee. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED. However, for the reasons that follow, the Complaint is sua sponte DISMISSED WITH PREJUDICE for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

BACKGROUND[2]

Plaintiff's handwritten Complaint, submitted on the Court's Section 1983 complaint form, alleges that he has not been released from the custody of the Nassau County Correctional Facility even though his sentence has been completed.[3] More specifically, Plaintiff alleges that he plead guilty on February 3, 2017 with the understanding from his attorney, Bouse, that his sentences from both Sullivan County and Nassau County would run concurrently and thus his release date would be March 14, 2017. (Compl. at 4.) Plaintiff claims that his sentencing date was also scheduled for March 14, 2017--the same day as his release date. (Compl. at 4.) Due to inclement weather, the sentencing date was adjourned to March 21, 2017 and, following the sentence Plaintiff understood that he would be released later that day. (Compl. at

---

[2] The following facts are taken from Plaintiff's Complaint and are presumed to be true for the purposes of this Memorandum and Order.

[3] As noted above, Plaintiff has been discharged since the filing of this Complaint. Thus, to the extent that Plaintiff seeks to be released from incarceration, such claim is now moot.

5.) Plaintiff learned later that day from a corrections officer in Plaintiff's housing unit that Plaintiff still had a Sullivan County hold and that his release date was November 8, 2017. (Compl. at 5.) Plaintiff claims that he was notified on March 22, 2017 that his sentences would not be running concurrently. (Compl. at 5.) According to the Complaint, Plaintiff appeared before Judge Delligatti on April 5, 2017 who advised Plaintiff that he would be released that day. (Compl. at 6.) Plaintiff was returned to the Nassau County Correctional Facility and waited to be released. (Compl. at 6.) The next day, Plaintiff asked a corrections officer to check on the status of his release and the officer apprised Plaintiff that his release date was still November 8, 2017. (Compl. at 6.)

As a result of the foregoing, Plaintiff claims to have lost his job, his place of residence, and his girlfriend and has become very depressed. (Compl. at 8-9.) For relief, Plaintiff would "like to be immediately released" and "to be compensated for every single day that I'm passed my actual release date (March 14, 2017 [and] [ ] to be compensated for everything I'm going through . . . ." (Compl. ¶ V.)

## DISCUSSION

I. In Forma Pauperis Application

Upon review of Plaintiff's declaration in support of the application to proceed in forma pauperis, the Court finds that

Plaintiff is qualified to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED.

II. Application of 28 U.S.C. § 1915

Section 1915 of Title 28 requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii), 1915A(b). The Court is required to dismiss the action as soon as it makes such a determination. See id. § 1915A(b).

Courts are obliged to construe the pleadings of a pro se plaintiff liberally. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678; accord Wilson v.

Merrill Lynch & Co., Inc., 671 F.3d 120, 128 (2d Cir. 2011). While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

III. Section 1983

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983; accord Rehberg v. Paulk, 566 U.S. 356, 361, 132 S. Ct. 1497, 1501-02, 182 L. Ed. 2d 593 (2012). To state a claim under Section 1983, a plaintiff must "'allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States.'" Rae v. Cty. of Suffolk, 693 F. Supp. 2d 217, 223 (E.D.N.Y. 2010) (quoting Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999)).

A. Claim Against Bouse

Section 1983 "constrains only state conduct, not the 'acts of private persons or entities.'" Hooda v. Brookhaven Nat'l Lab., 659 F. Supp. 2d 382, 393 (E.D.N.Y. 2009) (quoting Rendell-

5

Baker v. Kohn, 457 U.S. 830, 837, 102 S. Ct. 2764, 2769, 73 L. Ed. 2d 418 (1982)). Accordingly, "a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes state action." Flagg v. Yonkers Sav. & Loan Ass'n, 396 F.3d 178, 186 (2d Cir. 2005) (internal quotation marks and citation omitted); Fabrikant v. French, 691 F.3d 193, 206 (2d Cir. 2012) ("A plaintiff pressing a claim of violation of his constitutional rights under Section 1983 is . . . required to show state action." (internal quotation marks and citation omitted)). Indeed, "the under-color-of- state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50, 119 S. Ct. 977, 985, 143 L. Ed. 2d 130 (1999) (internal quotation marks and citation omitted).

Private actors, such as Bouse (Plaintiff's defense attorney in the underlying criminal case), may be considered to be acting under the color of state law for purposes of § 1983 if the private actor was a "'willful participant in joint activity with the State or its agents.'" Ciambriello v. Cty. of Nassau, 292 F.3d 307, 324 (2d Cir. 2002) (quoting Adickes v. S.H. Kress & Co., 398 U.S. 144, 152, 90 S. Ct. 1598, 1606, 26 L. Ed. 2d 142 (1970)). Section 1983 liability may also extend to a private party who conspires with a state actor to violate a plaintiff's constitutional rights. Ciambriello, 292 F.3d at 323-24. In order

6

to state a Section 1983 conspiracy claim, a plaintiff must allege: "(1) an agreement between a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." Id. at 324-25 (citing Pangburn v. Culbertson, 200 F.3d 65, 72 (2d Cir. 1999)).

Here, Plaintiff does not allege whether Bouse was his privately retained defense counsel or whether Bouse was appointed by the Court to defend Plaintiff in the underlying criminal case. Whether or not an attorney is assigned by the Court is immaterial because attorneys generally do not act under color of state law. Indeed, it is well-established that attorneys, whether with the Legal Aid Society, court-appointed, or privately retained, are generally not state actors for purposes of Section 1983. See, e.g., Polk Cty. v. Dodson, 454 U.S. 312, 325, 102 S. Ct. 445, 453, 70 L. Ed. 2d 509 (1981); see also Rodriguez v. Weprin, 116 F.3d 62, 65-66 (2d Cir. 1997) ("[I]t is well-established that court-appointed attorneys performing a lawyer's traditional functions as counsel to [a] defendant [in a criminal proceeding] do not act 'under color of state law' and therefore are not subject to suit under 42 U.S.C. § 1983.") (citations omitted).

Additionally, Plaintiff has not alleged that Bouse acted jointly with a state actor or conspired with a state actor to deprive Plaintiff of some constitutional right. Thus, in the

7

absence of any state action, Plaintiff's Section 1983 claim against Bouse is not plausible as a matter of law. Ciambriello, 292 F.3d at 325. Accordingly, Plaintiff's Section 1983 claim against Bouse is DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii); 1915A(b)(1).

B. Claim Against Judge Delligatti

"It is well settled that judges generally have absolute immunity from suits for money damages for their judicial actions." Bliven v. Hunt, 579 F.3d 204, 209 (2d Cir. 2009) (citations omitted). The Supreme Court instructs that this immunity is "from suit, not just from ultimate assessment of damages." Mireles v. Waco, 502 U.S. 9, 11, 112 S. Ct. 286, 288, 116 L. Ed. 2d 9 (1991) (citation omitted).

Here, Plaintiff seeks to challenge conduct by Judge Delligatti in the course of his presiding over Plaintiff's plea and sentencing proceedings. Presiding over a criminal case and making rulings during such proceedings are clearly judicial actions which fall squarely within the scope of judicial immunity. Accordingly, even liberally construing the Complaint, Plaintiff has not alleged a plausible claim against Judge Delligatti and it is thus DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. §§ 1915 (e)(2)(B)(ii); 1915A(b)(1).

C. Claims Against D.A. Singas and A.D.A. Berk

Plaintiff's Section 1983 claims against D.A. Singas and

8

A.D.A. Berk also fail as a matter of law because prosecutors are entitled to absolute immunity from liability in suits seeking monetary damages for acts related to prosecutorial duties. Burns v. Reed, 500 U.S. 478, 486, 111 S. Ct. 1934, 114 L. Ed. 2d 547 (1991); Shmueli v. City of N.Y., 424 F.3d 231, 236 (2d Cir. 2005) ("It is by now well established that a state prosecuting attorney who acted within the scope of his duties in initiating and pursuing a criminal prosecution is immune from a civil suit for damages under § 1983." (internal quotation marks and citation omitted)). Moreover, apart from the caption and identification of the parties section of the form Complaint, Plaintiff does not reference D.A. Singas or A.D.A. Berk and he includes no factual allegations against either of them. Thus, as is readily apparent, Plaintiff has not alleged a plausible Section 1983 claim against D.A. Singas or A.D.A. Berk and such claims are thus DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii); 1915A(b)(1).

D. Leave to Amend

Given the Second Circuit's guidance that a pro se complaint should not be dismissed without leave to amend unless amendment would be futile, Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000), the Court has carefully considered whether leave to amend is warranted here. Because the defect in Plaintiff's claims is substantive and would not be cured if afforded an opportunity to amend, leave to amend the Complaint is DENIED.

However, insofar as Plaintiff seeks to challenge the execution of his state court criminal sentence, the dismissal of the instant Complaint is WITHOUT PREJUDICE to his filing a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Plaintiff is cautioned that a Petition for a Writ of Habeas Corpus has certain prerequisites to filing in this Court, such as the exhaustion of Constitutional claims in state court.

<u>CONCLUSION</u>

For the reasons set forth above, Plaintiff's application to proceed <u>in forma pauperis</u> is GRANTED, however the Complaint is <u>sua sponte</u> DISMISSED WITH PREJUDICE for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore <u>in forma pauperis</u> status is DENIED for the purpose of any appeal. <u>See</u> <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is directed to mail a copy of this Order to Plaintiff and to mark this case CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: October  12 , 2017
       Central Islip, New York